UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PAM PANZARINO,                              :      05 Civ. 8502 (BSJ) (RLE)
                                            :
                Plaintiff,         :
                                            :
      -against-                             :
                                            :
DELOITTE & TOUCHE LLP,                      :
                                            :
                Defendant.         :
----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## DISMISSING COUNTERCLAIMS

STEVEN A. ROSEN (SR-9913)
Attorney for Plaintiff
501 Fifth Avenue, Suite 804
New York, New York 10017
(212) 599-3970

# Table of Contents

Statement of the Facts..................................................................................................1

ARGUMENT..................................................................................................................2

I.   Defendant's First Counterclaim For "Theft Of Chattel And Confidential
     Information" Should Be Dismissed...................................................................2

II.  Defendant's Second Counterclaim For "Conversion" Should Be Dismissed...............3

III. Defendant's Third Counterclaim For "Unjust Enrichment" Should Be Dismissed. ......4

Conclusion....................................................................................................................6

# Table of Authorities

Anderson v. Liberty Lobby Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). .............. 2

Celotex Corp. v. Catrett, 477 U.S. 317 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)........................... 2

Chase Manhattan Bank v. Banque Intra, S.A., 274 F.Supp. 496 (S.D.N.Y.1967) ......................... 4

Finkelstein v. Madkha, 495 F.Supp.2d 329 (S.D.N.Y. 2007)....................................................... 4

Gallo v. Prudential Servs., 22 F.3d 1219 (2d Cir. 1994). ............................................................ 2

Gonzalez v. Port Auth. of N.Y. & N.J., 119 A.D.2d 628, 500 N.Y.S.2d 782 (App.Div.1986)...... 3

Jet Star Enterprises, Ltd. v. Soros, et al., 2006 WL 2270375 at 5 (S.D.N.Y. 2006)...................... 4

MacDonnell v. Buffalo Loan, Trust & Safe Deposit Co., 193 N.Y. 92 85 N.E. 801 (1908 ........... 3

Miller v. Schloss, 218 N.Y. 400, 113 N.E. 337 (1916)). ............................................................. 4

Nat'l Steamship Co. v. Sheahan, 122 N.Y. 461, 25 N.E. 858 (1890) ........................................... 3

Reading Int'l. v. Oaktree Management, 317 F.Supp.2d 301 (S.D.N.Y 2003)............................... 5

Regions Bank D/B/A Regions Funding, v. Wieder & Mastroianni, P.C. et al.,
526 F. Supp. 2d 411 (S.D.N.Y. 2007)........................................................................................ 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PAM PANZARINO,                                   :       05 Civ. 8502 (BSJ) (RLE)
                                                 :
                           Plaintiff,            :
                                                 :
        -against-                                :
                                                 :
DELOITTE & TOUCHE LLP,                           :
                                                 :
                           Defendant.            :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## DISMISSING COUNTERCLAIMS

This Memorandum is submitted on behalf of Plaintiff Pam Panzarino in support of her motion for summary judgment dismissing Defendant's counterclaims. Because the counterclaims have no basis in law or fact, they should be dismissed.

### Statement of the Facts

Plaintiff respectfully refers the Court to her Rule 56.1 Statement of Undisputed Facts, which is incorporated by reference herein.

In its Answer, Defendant asserts three counterclaims against Plaintiff based on her alleged "conversion" of a laptop computer given to her by Deloitte along with unspecified "confidential information,' and her alleged "unjust enrichment" as a consequence. These claims are entirely devoid of merit.

## ARGUMENT

Summary judgment is appropriately granted when a court determines that there is no genuine issue of material fact and the undisputed facts are sufficient to warrant judgment as a matter of law. Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party may satisfy its obligations on a summary judgment motion by showing that the opposing party is unable to establish an element essential to that party's case and on which that party would bear the burden of proof at trial. Celotex, supra, at 321, 2548; Gallo v. Prudential Servs., 22 F.3d 1219, 1223-24 (2d Cir. 1994).

In this case, Defendant has the burden of proof to establish each element of its counterclaims by a preponderance of the evidence. Because Defendant cannot do so, Plaintiff is entitled to summary judgment on the counterclaims.

## I.   Defendant's First Counterclaim For "Theft Of Chattel And Confidential Information" Should Be Dismissed.

Defendant's first counterclaim, styled "theft of chattel and confidential information," does not appear to be actionable as civil claim in New York. A Westlaw search of reported decisions of the federal and state courts in New York did not turn up any cases recognizing "theft of chattel" as a civil cause of action. The only two cases that this search uncovered were a criminal prosecution, which is irrelevant here, and a case where the pleading alleging "theft of chattel" was dismissed as "hopelessly incoherent and unintelligible." See Exhibit D to the Affirmation of Steven A. Rosen. Thus, plaintiff is entitled to summary judgment dismissing Defendant's first counterclaim.[1]

---

[1] To the extent the factual allegations of Defendant's first counterclaim might support a claim for conversion, the undisputed facts do not support a conversion claim, as shown below.

## II.  Defendant's Second Counterclaim For "Conversion" Should Be Dismissed.

Plaintiff is also entitled to summary judgment dismissing Defendant's second counterclaim for conversion. Plaintiff did not wrongfully take any of Defendant's property. Defendant gave the property in question, a laptop computer and the information stored on it, to Plaintiff, and when she offered to return it, took no steps to follow through. Under these circumstances, Deloitte cannot establish a claim for conversion.

> When a defendant's possession of the property was initially lawful, there is no conversion unless the defendant refuses the owner's demand to return the property or wrongfully transfers or disposes of it before a demand is made. See MacDonnell v. Buffalo Loan, Trust & Safe Deposit Co., 193 N.Y. 92, 101, 85 N.E. 801 (1908). In MacDonnell, the New York Court of Appeals held:
>
>> The rule that one who comes lawfully into possession of property cannot be charged with conversion thereof until after a demand and refusal ... has no application in a case where the lawful custodian of property commits an overt and positive act of conversion by an unlawful sale or disposition of the same.
>
> Id.; see also Nat'l Steamship Co. v. Sheahan, 122 N.Y. 461, 465, 25 N.E. 858 (1890) (affirming dismissal of action for replevin of allegedly converted steamship tickets "because the defendant neither unlawfully obtained possession of the tickets nor wrongfully disposed of them"); Gonzalez v. Port Auth. of N.Y. & N.J., 119 A.D.2d 628, 500 N.Y.S.2d 782, 783-84 (App.Div.1986).

Regions Bank D/B/A Regions Funding, v. Wieder & Mastroianni, P.C. et al., 526 F. Supp. 2d 411, 414 (S.D.N.Y. 2007). Because the property at issue in Regions came into defendants' possession lawfully, and "[t]hey did not seek to confer an improper benefit on themselves or anyone else, nor to improperly deprive another person of what is rightfully his," the court granted summary judgment on the conversion claims. Id. at 416.

Under the same reasoning, Plaintiff is entitled to summary judgment here. In this case, there is no question that Plaintiff's possession of Deloitte's property was initially lawful. Deloitte voluntarily gave her the laptop computer, the information on it, access to their email system, and

3

other so-called "confidential information." Plaintiff did not refuse Deloitte's demand to return the property. In fact, Deloitte never demanded the return of the property. Nevertheless, Plaintiff offered to return the laptop and said Deloitte could send a messenger to pick it up, but Deloitte never followed through. It would be unjust in the extreme to hold Plaintiff liablee for conversion, when she did not refuse to restore possession to Deloitte, but to the contrary indicated her willingness to restore possession of the laptop and the information it contained to Deloitte, and Deloitte didn't follow up for two years.

Furthermore, with respect to the so-called "confidential information," Plaintiff never deprived Deloitte of this information. She merely retained copies, which she did not use or share with anyone other than her counsel, and which Deloitte never asked her to return.

For these reasons, Deloitte cannot establish the elements of its conversion claim. Plaintiff is therefore entitled to summary judgment dismissing the second counterclaim for conversion.

### III.     Defendant's Third Counterclaim For "Unjust Enrichment" Should Be Dismissed.

Defendant cannot establish the elements of its third counterclaim for "unjust enrichment."

> Under New York law, the basic elements of an unjust enrichment claim are: "1) defendant was enriched; 2) such enrichment was at the expense of the plaintiff; and 3) the circumstances were such that in equity and good conscience the defendant should make restitution." Chase Manhattan Bank v. Banque Intra, S.A., 274 F.Supp. 496, 499 (S.D.N.Y.1967) (citing Miller v. Schloss, 218 N.Y. 400, 113 N.E. 337 (1916)).

Finkelstein v. Madkha, 495 F.Supp.2d 329, 344 (S.D.N.Y. 2007). Where a party against whom a claim of unjust enrichment is asserted is not enriched, and thus receives no benefit, summary judgment should be granted on the claim. Jet Star Enterprises, Ltd. v. Soros, et al., 2006 WL 2270375 at 5 (S.D.N.Y. 2006) (copy attached as Appendix A), citing Reading Int'l. v. Oaktree

Management, 317 F.Supp.2d 301, 334 n. 24 (S.D.N.Y 2003).

In this case, Deloitte cannot prove any of the elements of its unjust enrichment counterclaim. First, Plaintiff was not enriched. Although she may have had possession of the laptop computer that Deloitte failed to reclaim, and intermittent access to some of the information on it, she received no benefit thereby. She never used Deloitte's laptop or any confidential information she learned at Deloitte for personal gain, and did not share any of Deloitte's "confidential information" with anyone but her counsel. Panzarino Aff. ¶18. Thus Plaintiff received no benefit and was not enriched. Deloitte cannot prove the first element of the unjust enrichment" claim.

Second, since Plaintiff was not enriched – she merely had possession of a non-working laptop infected with a computer virus – she was not enriched "at the expense of" Deloitte. Deloitte was not deprived of any of its so-called "confidential information" either, as the computer used by Plaintiff merely held copies of information that Deloitte always had. Therefore, Deloitte cannot establish the second element of the cause of action.

Third, the circumstances here are not "such that in equity and good conscience the [Plaintiff] should make restitution." Plaintiff offered to return the laptop at the outset, but Deloitte declined. When she learned that Deloitte might want it back, i.e., when it asserted counterclaims against her, Plaintiff promptly returned the laptop to Deloitte through her counsel, as she had been instructed not to return to Deloitte's offices. Panzarino Aff. ¶¶ 4, 16. Plaintiff also produced to Defendant all "confidential information" of Deloitte's in her possession. Deloitte was not deprived of this information and Plaintiff did not profit from it. Under the circumstances here, Deloitte cannot prove the third element of the "unjust enrichment claim."

counterclaim.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion for summary judgment on defendant's counterclaims, and that she be awarded the costs and fees of this motion.

Dated: New York, New York
       September 19, 2008

                                   STEVEN A. ROSEN (SR-9913)
                                   Attorney for Plaintiff
                                   501 Fifth Avenue, Suite 804
                                   New York, New York 10017
                                   (212) 599-3970

To:    Littler Mendelson, P.C.
        900 Third Avenue, 20th floor
        New York, New York 10022